# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| EDDIE MADDOX,<br>　　*Plaintiff*,<br><br>v.<br><br>UNITED WISCONSIN INSURANCE COMPANY, *et al.*,<br>　　*Defendants*. | CIVIL ACTION NO.<br>5:21-cv-00313-TES |

### ORDER GRANTING PLAINTIFF'S MOTION FOR VOLUNTARY DISMISSAL

Before the Court is Plaintiff's Motion for Voluntary Dismissal [Doc. 20] seeking to dismiss the present action with conditions. Defendants filed a Response in Opposition [Doc. 21]. The parties have completed discovery and no dispositive motions are outstanding. [Doc. 20, p. 1]; [Doc. 21, p. 2].

Federal Rule of Civil Procedure 41(a)(2) allows a plaintiff to seek dismissal at the court's discretion and on "terms the court considers proper." Fed. R. Civ. Pro. 41(a)(2).[1] Ordinarily, a "motion for voluntary dismissal should be granted unless the defendant will suffer clear legal prejudice[.]" *Arias v. Cameron*, 776 F.3d 1262, 1268 (11th Cir. 2015). However, the "mere prospect of a second lawsuit" is not sufficient legal prejudice. *Id.* Neither is the plaintiff's potential strategic or tactical advantage. *Goodwin v. Reynolds*,

---

[1] *See also McCants v. Ford Motor Co.*, 781 F.2d 855, 857 (11th Cir. 1986) ("The district court enjoys broad discretion in determining whether to allow voluntary dismissal under Rule 41(a)(2).").

757 F.3d 1216, 1219 (11th Cir. 2014). Instead, the inquiry is whether the defendant would lose "any substantial rights by the dismissal." *Id.* at 1268-69.

In their Response in Opposition, Defendants' primarily focus on the "additional costs and resources in defending another action [if Plaintiff decides to refile]." [Doc. 21, p. 4]. However, as discussed, the threat of a refiled suit is not enough to show that Defendants would suffer prejudice from a dismissal. *See also Versa Pro., Inc., v. Home Depot, USA, Inc.*, 387 F.3d 1325 (11th Cir. 2004) (discussing the high bar of legal prejudice in opposing voluntary dismissal). Thus, the Court finds that Defendants would not suffer legal prejudice as a result of Plaintiff's voluntary dismissal.

Plaintiff also asks the Court to include a condition that any discovery developed in this case may be used in any subsequent action. [Doc. 20, p. 3]. A court has wide discretion in applying conditions to a voluntary dismissal. *Versa Pro.*, 387 F.3d at 1328. Again, the primary concern is determining if the conditions sought would bring legal prejudice to either party. *Id.* Because Plaintiff's proposed condition would not cause legal prejudice—rather it would be helpful to both parties—the Court adopts the condition.

Accordingly, the Court **GRANTS** Plaintiff's Motion for Voluntary Dismissal [Doc. 20] and **DISMISSES** the action **without prejudice**, subject to the condition that any discovery developed in this action may be used if any subsequent action is filed. The Court **DIRECTS** the Clerk of Court to enter Judgment accordingly.

**SO ORDERED**, this 27th day of August, 2022.

<u>S/ Tilman E. Self, III</u>
**TILMAN E. SELF, III, JUDGE**
**UNITED STATES DISTRICT COURT**